IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE SHANAHAN, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL AUTO PROTECTION CORP., a Florida corporation, MATRIX FINANCIAL SERVICES, LLC, a Delaware limited liability company, MATRIX WARRANTY SOLUTIONS, INC., a Nevada corporation, and NATION MOTOR CLUB, LLC, a Florida limited liability company,<br><br>　　　　Defendants. | Case No.: 1:19-cv-3788<br><br>Honorable John Robert Blakey<br><br><br><br><br><br>Jury Trial Demanded |

# SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff CATHERINE SHANAHAN ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Second Amended Class Action Complaint against Defendants NATIONAL AUTO PROTECTION CORP. ("National Auto"), MATRIX FINANCIAL SERVICES, LLC ("Matrix Financial"), MATRIX WARRANTY SOLUTIONS, INC. ("Matrix Warranty"), and NATION MOTOR CLUB, LLC ("Nation Motor") (collectively, "Defendants"), to stop Defendants' illegal practice of making unauthorized calls to consumers' telephones using an automated telephone dialing system or an artificial or prerecorded voice, and to obtain redress for all persons injured by Defendants' conduct. Plaintiff alleges as follows upon personal knowledge as to Plaintiff herself and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

## NATURE OF THE ACTION

1. Nation Motor, Matrix Financial, and Matrix Warranty market and sell insurance, service plans, and extended warranties for automobiles ("Service Plans") to consumers nationwide.

2. As a primary part of marketing their Service Plans, Nation Motor, Matrix Financial, and Matrix Warranty contracted with National Auto to make calls to consumers' telephones. In doing so, National Auto used an automated telephone dialing system or an artificial or prerecorded voice.

3. None of the Defendants obtain prior express written consent of consumers to place these calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendants' conduct also violates the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy, but also were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, calling consumers' phones without their prior express consent and using a prerecorded voice to advertise and sell goods and services.

6. By placing the calls at issue (or causing them to be placed), Defendants caused actual harm, including aggravation and nuisance, and violated the privacy and statutory rights of

Plaintiff and the Class (defined below) and caused them to suffer actual and statutorily recognized harm.

7. Additionally, Plaintiff seeks an injunction requiring Defendants to stop clogging consumers' telephone lines and invading consumers' privacy with unwanted automated calls using prerecorded messages, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Catherine Shanahan is a natural person and is a citizen of Cook County, Illinois.

9. Defendant National Auto is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 931 Village Blvd., Suite 905-290, West Palm Beach, FL 33409.

10. Defendant Matrix Financial is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 3100 McKinnon Street, Suite 420, Dallas, TX 75201.

11. Defendant Matrix Warranty is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 3100 McKinnon Street, Suite 420, Dallas, TX 75201.

12. On information and belief, Matrix Financial and Matrix Warranty are related entities that are subject to common corporate control, as they share owners, corporate managers, and have the same principal place of business. On information and belief, Matrix Financial and Matrix Warranty do business collectively as "Matrix."

13. Defendant Nation Motor is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 800 Yamato Road, Suite 100, Boca Raton, FL 33431. Nation Motor's website states that "Nation Motor Club, LLC may operate in various states as Nation Safe Drivers."[1]

## JURISDICTION AND VENUE

14. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

15. This Court has personal jurisdiction over Defendants because the events giving rise to this lawsuit occurred in this District, Defendants purposefully directed conduct to this District by intentionally contacting residents of the District regarding goods and/or services, and entering into contracts with residents of this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in this District.

17. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## COMMON FACTUAL ALLEGATIONS

18. Nation Motor, Matrix Financial, and Matrix Warranty market and sell Service Plans to consumers nationwide, including those who live in Illinois or who own vehicles that are registered in Illinois (*e.g.*, Plaintiff).

---

[1] *See Welcome to NSD Motor Club Services*, NATION SAFE DRIVER, https://www.nsdmc.com/NSD_OGK/index.asp (stating that Nation Motor "operate[s] in various states").

19. To increase the sales of their Service Plans, and to avoid paying for legitimate and legal forms of advertising, Nation Motor, Matrix Financial, and Matrix Warranty each contracted with National Auto to make telemarketing calls to thousands of consumers around the country simultaneously. Those consumers include individuals who live in Illinois or who own vehicles that are registered in Illinois.

20. On information and belief, each of the contracts between National Auto and Nation Motor, Matrix Financial, and Matrix Warranty authorize National Auto to act as an agent for Nation Motor, Matrix Financial, and Matrix Warranty relative to offering and selling Service Plans to consumers.

21. On information and belief, Nation Motor, Matrix Financial, and Matrix Warranty each provide information to National Auto regarding the terms and scope of their respective Service Plans. Nation Motor is not permitted to modify or alter the terms of those Service Plans and National Auto must sell the Service Plans using only the forms provided by Nation Motor, Matrix Financial, and Matrix Warranty, respectively.

22. On information and belief, each of the contracts between Nation Motor, Matrix Financial, and Matrix Warranty and National Auto grant Nation Motor, Matrix Financial, and Matrix Warranty significant control and authority over how National Auto markets and sells Service Plans. Pursuant to that authority, Nation Motor, Matrix Financial, and Matrix Warranty can, *inter alia*, specify the days of the week, times of the day, and geographic location where National Auto makes calls to consumers.

23. On information and belief, Nation Motor, Matrix Financial, and Matrix Warranty each authorized National Auto to solicit customers in Illinois on their behalf, and knew that National Auto was, in fact, marketing and selling Service Plans to Illinois consumers on their

5

behalf through the use of unsolicited calls using artificial or prerecorded voices that are made using equipment that has the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers.

24. Defendants, individually and collectively, amassed the names, phone numbers, and vehicle information for thousands of consumers ("Consumer Information") from unknown sources. Using the Consumer Information, National Auto, acting on behalf of, at the direction of, and pursuant to its contracts with, Nation Motor, Matrix Financial, and Matrix Warranty, placed unsolicited calls using artificial or prerecorded voices offering Service Plans to consumers.

25. The Consumer Information complied by each Defendant, both individually and collectively, included the names, contact information, and vehicle information for individuals living and residing in Illinois, and for automobiles that were registered in Illinois. As such, all Defendants knew and intended that unsolicited calls would be made to Illinois consumers. Many of those calls were, in fact, made to consumers living and residing in Illinois and/or who owned vehicles that were registered in Illinois.

26. Defendants, individually and collectively, intended for Illinois consumers to purchase Service Plans, and knew that any Service Plan purchased by an Illinois consumer would be governed by, and interpreted, under Illinois law. Defendants also knew and intended that at least some of the Service Plans they sold would provide coverage for vehicles registered in Illinois.

27. When National Auto called Plaintiff and Class members on behalf of Nation Motor, Matrix Financial, and Matrix Warranty to offer Plaintiff and Class members Service Plans, Plaintiff and Class members answered their cellular and residential phones thinking a real

person was calling. Instead, those calls were a "bait-and-switch," and when Plaintiff and Class members answered those calls, a message with an artificial or prerecorded voice was played advertising or soliciting Nation Motor's, Matrix Financial's, and Matrix Warranty's goods and/or services, including their Service Plans.

28. Defendants each respected Plaintiff's and Class members' time and privacy so little that they did not even hire a real person to call them—a machine is used to play prerecorded messages to thousands of consumers at once.

29. The calls to Plaintiff and Class members are made using equipment that has the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers.

30. Defendants each hoped that if enough people purchased Service Plans as a result of the robocalls, it would justify the annoyance experienced by the recipients of the calls as the "cost of doing business."

31. Defendants each failed to obtain prior express written consent from consumers, including Plaintiff and Class members, before National Auto—acting on behalf of, at the direction of, and pursuant to its contracts with, Nation Motor, Matrix Financial, and Matrix Warranty—made calls to their telephones using an automated telephone dialing system or an artificial or prerecorded voice.

32. Consumers, including Plaintiff and the members of the Class, reasonably believe that National Auto called them as an agent of Nation Motor, Matrix Financial, and Matrix Warranty, because National Auto is authorized to bind Nation Motor, Matrix Financial, and Matrix Warranty to enter into Service Plan agreements with consumers.

33. Nation Motor, Matrix Financial, and Matrix Warranty ratify National Auto's conduct of making unsolicited calls using artificial or prerecorded voices offering extended auto warranties to consumers because Nation Motor, Matrix Financial, and Matrix Warranty enter into contracts with National Auto authorizing National Auto to offer and sell Service Plans to consumers; know or reasonably should know that National Auto makes unsolicited calls to consumers using artificial or prerecorded voices on their behalf and at their direction; enter into Service Plan agreements with consumers that National Auto sold by making unsolicited calls to consumers using an artificial or prerecorded voice; and fail to repudiate National Auto's conduct.

34. As a direct and proximate result of National Auto's unsolicited and illegal phone calls—which were made on behalf and at the behest of Nation Motor, Matrix Financial, and Matrix Warranty—Plaintiff and Class members suffered actual damages, including their time to answer the violating calls, the monies paid to receive the calls, the depleted phone minutes available to them pursuant to the terms of the phone contracts, monies paid for Service Plans, invasion of their privacy, and the nuisance of receiving the calls.

## FACTS SPECIFIC TO PLAINTIFF

35. On or about June 3, 2019, Plaintiff received an unsolicited call on her cellular telephone.

36. Plaintiff's caller identification system identified that the call was from 216-373-7432.

37. When Plaintiff answered that phone call, she heard an artificial or prerecorded voice message advertising extended auto warranties (*i.e.*, Service Plans) and telling her to "press one" to receive more information.

8

38. Plaintiff pressed "one" on her cellular phone to be connected to a live agent. After pressing "one," Plaintiff was connected with a live telemarketing agent.

39. The telemarketing agent provided Plaintiff with a customer service number of 844-687-4695.

40. The telemarketing agent said that he was selling vehicle service contracts for extended auto warranties (*i.e.*, Service Plans).

41. The telemarketing agent asked for Plaintiff's email address and mailing address to send her additional information regarding Service Plans. Plaintiff provided her email address and mailing address to the telemarketing agent.

42. As a result of receiving the unsolicited telemarketing call, Plaintiff purchased an extended vehicle warranty contract ("Plaintiff's Service Plan").

43. Shortly after the call ended, Plaintiff received an email at the email address she provided to the telemarketing agent. The subject of the email was "A Message From NATIONAL AUTO PROTECTION CORP." The email indicated that it was sent by "James Morgan," provided a contact number for "James Morgan" of 844-687-4695, and a mailing address of "NATIONAL AUTO PROTECTION CORP. | 931 Village Blvd., Suite 905 290 West Palm Beach, FL 33409 | 844-687-4695."

44. Subsequently, Plaintiff received a contract and a brochure relative to her Service Plan at the mailing address she provided to the telemarking agent.

45. Plaintiff's Service Plan contract and the envelope in which it was mailed each contained a logo indicating that her Service Plan was from "Matrix." Similarly, the return address on the envelope in which Plaintiff's Service Plan was mailed reflects that it was sent by

National Auto on behalf of "Matrix." On information and belief, "Matrix," as used in this context, refers to Matrix Financial and Matrix Warranty.

46. Plaintiff's Service Plan contract states that, to obtain service, consumers should contact "Matrix Warranty Solutions," lists Nation Motor as the administrator for "all 24 hour roadside assistance services," and identifies Matrix Financial as the administrator of Plaintiff's Service Plan generally. Accordingly, Nation Motor, Matrix Financial, and Matrix Warranty were all parties to, and bound by, the terms of Plaintiff's Service Plan.

47. Plaintiff never consented to receive calls from Nation Motor, Matrix Financial, Matrix Warranty, or National Auto. Prior to receiving the unsolicited phone call, Plaintiff had no relationship with any Defendant, and had never requested that any Defendant contact her in any manner, let alone by making calls to her cellular telephone with an artificial or prerecorded voice.

48. As a direct and proximate result of receiving the unsolicited telemarketing call from National Auto—which was made on behalf and at the behest of Nation Motor, Matrix Financial, and Matrix Warranty—Plaintiff suffered an invasion of her privacy, and was harmed in the form of the time she spent on the phone.

49. In addition, had Plaintiff never received such a call, she would not have purchased her Service Plan. As such, Plaintiff was also harmed in the form of the money she paid to purchase her Service Plan.

50. On information and belief, Defendants made or caused to be made the same or substantially similar calls as part of a mass marketing scheme to thousands of consumers throughout the country and in Illinois.

## CLASS ALLEGATIONS

51. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of herself and a nationwide class of similarly situated individuals (the "Class"), defined as follows:

> All persons in the United States who received at least one telephone call on his or her cellular or residential telephone from National Auto, that was made using an automated telephone dialing system or an artificial or prerecorded voice advertising Nation Motor's, Matrix Financial's, and/or Matrix Warranty's products or services, where Defendants did not have any record of the prior express written consent of the called party.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their immediate families; (2) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, any entity in which the Defendants or their parents have a controlling interest, and any of those entities' current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

52. **Subclass Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of herself and an Illinois subclass of similarly situated individuals (the "Subclass"), defined as follows:

> All persons in Illinois who received at least one telephone call on his or her cellular or residential telephone from National Auto, that was made using an automated telephone dialing system or an artificial or prerecorded voice advertising Nation Motor's, Matrix Financial's, and/or Matrix Warranty's products or services, where Defendants did not have any record of the prior express written consent of the called party.

Excluded from the Subclass are: (1) any Judge or Magistrate presiding over this action and members of their immediate families; (2) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, any entity in which the Defendants or their parents have a controlling interest, and any of those entities' current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Subclass; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

53.     **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but, upon information and believe, the Class is so numerous that joinder of all Class members is impracticable. On information and belief, Defendants placed (or caused to be placed) telephone calls to thousands of consumers who fall into the definition of the Class.[2] Members of the Class can be identified through Defendants' records.

54.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the proposed Class. All claims are based on the same legal and factual issues.  Plaintiff and the Class members received unsolicited telephone calls from or on behalf of Defendants made using an automated telephone dialing system or an artificial or prerecorded message advertising Defendants' goods and/or services, and sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

55.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class.  Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

56.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

---

[2] *See, e.g.*, *National Auto Protection Corporation*, NATIONAL AUTO PROTECTION CORPORATION, www.nationalautoprotectioncorp.com (stating that National Auto provides auto warranties in 43 states); *Welcome to NSD Motor Club Services*, NATION SAFE DRIVER, https://www.nsdmc.com/NSD_OGK/index.asp (stating that Nation Motor "operate[s] in various states").

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a)    Whether Defendants called Class members' telephones using an artificial or prerecorded voice;

    b)    Whether Defendants obtained prior express written consent prior to calling Class members;

    c)    Whether Defendants engaged in a pattern of making calls using a prerecorded voice without prior express written consent;

    d)    Whether Defendants' conduct violated the TCPA;

    e)    Whether Defendants' conduct violated the ATDA;

    f)    Whether Defendants' conduct violated the ICFA; and

    g)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

57. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

58. Further, this class action is appropriate for certification under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge to those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

### COUNT I
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class and Subclass)

59. Plaintiff incorporates the allegations in Paragraphs 1-58 as if fully set forth herein.

60. Defendants and/or their agents placed, or caused to be placed, telephone calls to Plaintiff's and the Class members' telephones, without having their prior express written consent to do so.

61. The telephone calls were made to Plaintiff and Class members for the purpose of marketing, advertising, and soliciting Defendants' goods and/or services, including their Service Plans.

62. Defendants and/or their agents made the telephone calls to Plaintiff's and Class members' telephones using equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

63. The calls were made to Plaintiff and Class members using an artificial or prerecorded voice message advertising Defendants' goods and/or services.

64. Defendants' conduct was in violation of 47 U.S.C. §227(b)(1)(A) and (B).

65. As a result of Defendants' unlawful conduct, Plaintiff and the Class suffered statutory damages under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil

penalties for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

66. Defendants and/or their agents made the violating calls "knowingly" and/or "willfully" under 47 U.S.C. § 227(b)(3)(C).

67. If the Court finds that Defendants willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CATHERINE SHANAHAN, individually, and on behalf of the Class, prays for an Order as follows:

- A. Finding that this action satisfies the prerequisites for maintenance as a class action, and certifying the Class as defined herein;

- B. Appointing Plaintiff as the Class representative and her undersigned counsel as Class Counsel;

- C. Entering judgment in favor of Plaintiff and the Class and against Defendants, jointly and severally;

- D. Enjoining Defendants from making calls using automated telephone dialing systems or artificial or prerecorded messages advertising their goods and/or services without obtaining prior written express consent from the party to be called;

- E. Awarding Plaintiff and the Class actual, statutory, and treble damages;

- F. Awarding Plaintiff and the Class reasonable attorneys' fees and costs, including interest thereon; and

- G. Granting all such other and further relief that the Court deems just and appropriate.

15

## COUNT II
### Violation of 815 ILCS 305/1, *et seq.*
### (On behalf of Plaintiff and the Subclass)

68. Plaintiff incorporates the allegations in Paragraphs 1-58 as if fully set forth herein.

69. Defendants and/or their agents placed calls to the telephone numbers of Plaintiff and Subclass members without their prior express consent.

70. Defendants and/or their agents made the calls using equipment that is capable of storing telephone numbers and which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message.

71. Defendants and/or their agents made the calls using an autodialer to dial numbers determined by successive increasing or decreasing integers.

72. On the calls to Plaintiff and Subclass members, Defendants and/or their agents played a taped communication or voice message soliciting the sale of Defendants' goods and/or services without live voice interaction.

73. Defendants and/or their agents made the calls to advertise and solicit the sale of goods and/or services.

74. By making the calls to the telephone numbers of Plaintiff and Subclass members, Defendants violated the ATDA.

75. As a direct and proximate result of Defendants' violation of the ATDA, Plaintiff and Subclass members suffered actual damages, including their time to answer the violating calls, the monies paid to receive the calls, the depleted phone minutes available to them pursuant to the terms of the phone contracts, monies paid for Service Plans, invasion of their privacy, and the nuisance of receiving the calls. Plaintiff and the Subclass are entitled, pursuant to 815 ILCS

16

305/30, to treble their actual damages, statutory damages of $500 per violation, costs, and attorneys' fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CATHERINE SHANAHAN, individually, and on behalf of the Subclass, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action, and certifying the Subclass as defined herein;

B. Appointing Plaintiff as the Subclass representative and her undersigned counsel as Subclass Counsel;

C. Entering judgment in favor of Plaintiff and the Subclass and against Defendants, jointly and severally;

D. Enjoining Defendants from making calls using automated telephone dialing systems or artificial or prerecorded messages advertising their goods and/or services without obtaining prior express consent from the party to be called;

E. Awarding Plaintiff and the Subclass actual, and statutory damages;

F. Awarding Plaintiff and the Subclass reasonable attorneys' fees and costs, including interest thereon; and

G. Granting all such other and further relief that the Court deems just and appropriate.

### **COUNT III**
### **Violation of 815 ILCS 505/1, *et seq.***
### **(On behalf of Plaintiff and the Subclass)**

76. Plaintiff incorporates the allegations in Paragraphs 1-58 as if fully set forth herein.

77. At all relevant times, the ICFA was in full force and effect.

78. Plaintiff is a "consumer," as defined by 815 ILCS 505/1.

79. The ICFA prohibits, *inter alia*, using unfair or unlawful business acts or practices. 815 ILCS 505/2.

80. The ICFA provides that any person who knowingly violates the ATDA commits an unlawful practice within the meaning of the ICFA. 815 ILCS 505/2Z.

81. Defendants engaged in unfair or unlawful business practices by making (or causing to be made) calls to Plaintiff and members of the Subclass using an autodialer to play a prerecorded message advertising or soliciting Defendants' good and/or services, in violation of the ATDA and/or TCPA.

82. Defendants engaged in unlawful business practices by making (or causing to be made) calls to Plaintiff and members of the Subclass using an automated telephone dialing system or an artificial or prerecorded voice message advertising Defendants' goods and/or services, in violation of the TCPA.

83. As a direct and proximate result of Defendants' conduct, Plaintiff and Subclass members suffered actual damages, including their time to answer the violating calls, the monies paid to receive the calls, the depleted phone minutes available to them pursuant to the terms of the phone contracts, monies paid for Service Plans, invasion of their privacy, and the nuisance of receiving the calls.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CATHERINE SHANAHAN, individually, and on behalf of the Subclass, prays for an Order as follows:

    A.    Finding that this action satisfies the prerequisites for maintenance as a class action, and certifying the Subclass as defined herein;

    B.    Appointing Plaintiff as the Subclass representative and her undersigned counsel as Subclass Counsel;

    C.    Entering judgment in favor of Plaintiff and the Subclass and against Defendants, jointly and severally;

    D.    Enjoining Defendants from making calls using an automated telephone dialing systems or artificial or prerecorded messages advertising their

   goods and/or services without obtaining prior express consent from the party to be called;

 E. Awarding Plaintiff and the Subclass actual, and statutory damages;

 F. Awarding Plaintiff and the Subclass reasonable attorneys' fees and costs, including interest thereon; and

 G. Granting all such other and further relief that the Court deems just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury of all causes of action so triable.

   CATHERINE SHANAHAN, individually, and on behalf of all others similarly situated,

   By: /s/ Thomas A. Zimmerman, Jr.
    Thomas A. Zimmerman, Jr. (IL #6231944)
    *tom@attorneyzim.com*
    ZIMMERMAN LAW OFFICES, P.C.
    77 W. Washington Street, Suite 1220
    Chicago, Illinois 60602
    Telephone: (312) 440-0020
    Facsimile: (312) 440-4180
    www.attorneyzim.com

    Mark L. Javitch (admitted *pro hac vice*)
    Javitch Law Office
    480 S. Ellsworth Avenue
    San Mateo, California 94401
    Telephone: 650-781-8000
    Facsimile: 650-648-0705
    *mark@javitchlawoffice.com*

   *Attorneys for Plaintiff and the putative Class*

## **CERTIFICATE OF SERVICE**

      Thomas A. Zimmerman, Jr., an attorney, hereby certifies that he caused the above and foregoing *Second Amended Class Action Complaint* to be served upon counsel of record in this case via the U.S. District Court CM/ECF System on this day November 27, 2019.

                                               <u>s/ Thomas A. Zimmerman, Jr.</u>