Kathryn Carter, #12969
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
Tel: 785-296-3751
Fax: 785-291-3699
Kate.Carter@ag.ks.gov

FILED BY CLERK
KS. DISTRICT COURT
THIRD JUDICIAL DIST.
TOPEKA, KS

2018 MAY 23 P 2: 28

IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
Third Judicial District

| | |
|---|---|
| STATE OF KANSAS, *ex rel.* <br> DEREK SCHMIDT, Attorney General, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL AUTO PROTECTION CORP, <br> a Corporation <br><br> Defendant. | Case No. 2018-CV-397 <br> Division No. 7 |

(Pursuant to K.S.A. Chapter 60)

## CONSENT JUDGMENT

**COMES NOW BEFORE THE COURT** Plaintiff's Petition for Approval of Consent Judgment pursuant to K.S.A. 50-632(b). The Plaintiff, State of Kansas, *ex rel.* Derek Schmidt, Attorney General, appears by and through Assistant Attorney General Kathryn Carter. Defendant appears by Mark B. Schaffer, Attorney at Law.

**WHEREUPON** the parties advise the Court that they have stipulated and agreed to the following:

1

**EXHIBIT C**

## PARTIES, JURISDICTION AND VENUE

1. Derek Schmidt is the duly elected, qualified and acting Attorney General for the State of Kansas.

2. The Attorney General's authority to bring this action is derived from the statutory and common law of the State of Kansas, specifically the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq.*

3. National Auto Protection Corp is a Florida corporation with a principal place of business at 1655 Palm Beach Lakes Blvd, Suite 21, West Palm Beach, Florida 33401.

4. At all times relevant hereto, Defendant conducted business in various counties throughout the State of Kansas.

5. All references to Defendant herein include acts performed individually, in concert, or by or through employees, representatives, assignees, successors, or by or through agents or affiliates working under an agreement with Defendant to provide Defendant services in Kansas.

6. Defendant stipulates and admits that the Court has subject matter jurisdiction over this case and *in personam* jurisdiction.

7. Defendant stipulates and admits that venue is proper in this Court pursuant to K.S.A. 50-638(b).

## ALLEGATIONS

8. Plaintiff alleges that, at all times relevant hereto, Defendant acted as a "telephone solicitor" in Kansas, as that term is defined by K.S.A. 50-670(a)(4).

9. Plaintiff alleges that, at all times relevant hereto, Defendant engaged in "consumer telephone calls" in Kansas, as that term is defined by K.S.A. 50-670(a)(1).

10. Plaintiff alleges that Defendant, at all times relevant hereto, contacted Kansas consumers by telephone for the purpose of soliciting the sale of Defendant's products and services.

11. Plaintiff alleges that, at all times relevant hereto, Defendant caused to be made unsolicited consumer telephone calls to Kansas consumers whose telephone numbers are listed on the National Do Not Call Registry, in violation of K.S.A. 50-670a(c).

12. Plaintiff alleges that those acts set out in paragraph eleven (11) constitute violations of the Kansas Consumer Protection Act, pursuant to K.S.A. 50-670(g).

13. Defendant disagrees with the Plaintiff's allegations and states it was under the impression that any telephone calls placed by Defendant to Kansas consumers were only made after Defendant received a request for a telephone call from the recipients of such telephone calls.

14. Defendant, while making no admissions to violating Kansas law or any other admissions of wrongdoing, agrees to this Consent Judgment without trial or adjudication of any issue of fact or law solely for the purpose of settlement.

**INJUNCTIVE RELIEF**

15. Defendant agrees to refrain, and to be permanently enjoined, from engaging in those acts and practices set forth in paragraph eleven (11), and Defendant agrees that engaging in any such acts or similar acts, after the date of this Consent Judgment, shall constitute a violation of this Consent Judgment if deemed as such by this Court.

3

16. Defendant agrees to refrain, and to be permanently enjoined, from making or causing to be made, unsolicited consumer telephone calls, as defined by K.S.A. 50-670(a)(3), to any Kansas consumer.

17. Defendant agrees to comply with all Kansas laws, statutes, rules and regulations, relating to consumer transactions in Kansas, specifically, but not limited to, the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq*.

18. Defendant agrees to cooperate with the Office of the Kansas Attorney General in investigating and remedying any complaints filed with the Consumer Protection Division against Defendant.

19. Defendant agrees to be permanently enjoined from entering into, forming, organizing or reorganizing into any partnership, corporation, sole proprietorship or any other legal structures, for the purpose of avoiding compliance with the terms of this Consent Judgment.

20. Defendant shall require its employees, agents, independent contractors, and representatives, specifically by amending or updating its training and compliance materials, to comply with the terms set forth in this Consent Judgment within fifteen (15) days of the execution of this Consent Judgment.

21. Defendant agrees that the terms of this Consent Judgment apply to acts performed individually, in concert, or by or through its employees, representatives, assignees, successors, or agents or affiliates working under an agreement with Defendant to provide Defendant services in Kansas.

## INVESTIGATIVE FEES AND CIVIL PENALTIES

22. Defendant agrees to pay to the Office of the Kansas Attorney General ten thousand dollars ($10,000.00) in investigative fees and civil penalties. Upon receipt of payment

4

in full, Plaintiff agrees to release and discharge Defendant from all claims of unconscionable acts and violations of the KCPA which Plaintiff could have brought for civil penalties, costs, and/or investigative fees under the Kansas No Call Act, K.S.A. 50-670 *et seq.*, or the Telemarketing Sales Rule, 16 C.F.R. § 310 *et seq.*, based on Defendant's conduct prior to the filing of this consent judgment.

23. Payment shall be in the form of a cashier's check, money order or other certified funds payable to the **Office of the Kansas Attorney General**, marked *CP-16-2178* and delivered to:

> Kathryn Carter, Assistant Attorney General
> Office of the Kansas Attorney General
> 120 SW 10th Ave., 2nd Floor
> Topeka, KS 66612

## OTHER PROVISIONS

24. Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Consent Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the modification of any of the provisions hereof, for the enforcement of compliance herewith, and for the punishment of violations thereof.

25. If any portion, provision, or part of this Consent Judgment is held to be invalid, unenforceable, or void for any reason whatsoever, that portion shall be severed from the remainder and shall not affect the validity or enforceability of the remaining provisions, portions or parts.

26. Compliance with this Consent Judgment does not relieve Defendant of any obligation imposed by applicable federal, state, or local law, nor shall the Attorney General be precluded from taking appropriate legal action to enforce civil or criminal statutes under his jurisdiction.

27. The parties understand that this Consent Judgment shall not be construed as an approval of or sanction by the Attorney General of the business practices of Defendant nor shall Defendant represent the decree as such an approval. The parties further understand that any failure by the State of Kansas or by the Attorney General to take any action in response to any information submitted pursuant to the Consent Judgment shall not be construed as an approval of or sanction of any representations, acts or practices indicated by such information, nor shall it preclude action thereon at a later date.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the stipulation and agreement of the parties contained herein are adopted and approved by the Court and any monies owed hereunder by Defendant immediately become a judgment upon filing whereby Plaintiff is to file a satisfaction of the monetary component of such judgment upon it receiving cleared funds.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that judgment is entered against Defendant and in favor of Plaintiff in the amount of $10,000.00. The acts and practices alleged herein are declared to be unconscionable acts and practices, pursuant to KS.A. 50-670(g), and, further, to be violations of the Kansas Consumer Protection Act, pursuant to K.S.A. 50-627.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to the Kansas Consumer Protection Act, and the provisions of K.S.A. 50-632(b), the Court hereby approves the terms of the Consent Judgment and adopts the same as the Order of the Court.

**IT IS SO ORDERED.**

_5/23/2018_
Date

_____
The Honorable Franklin R. Theis

7

Prepared and approved by:

PLAINTIFF:


/s/ Derek Schmidt
Derek Schmidt, KS #17781
Attorney General
Office of the Kansas Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612
 (785) 296-2215


/s/ Kathryn Carter
Kathryn Carter, KS#12969
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
Tel: 785-296-3751
Fax: 785-291-3699
Kate.Carter@ag.ks.gov
*Attorney for Plaintiff*

**DEFENDANT:**

National Auto Production Corp by

William T. Finneran, Part,
Print Name and Title