**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CATHERINE SHANAHAN, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL AUTO PROTECTION CORP., et al,<br><br>    Defendants. | Case No. 1:19-cv-03788<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

Plaintiff Catherine Shanahan brings a putative class action against Defendants National Auto Protection Corp.; Matrix Financial Services, LLC; Matrix Warranty Solutions, Inc.; and Nation Motor Club, LLC. She alleges that National Auto illegally called consumers' telephones using an automatic system and artificial voice recordings while acting as the agent of the other Defendants. Following focused discovery on the issue of personal jurisdiction, Plaintiff filed a second amended complaint, alleging violations of: (1) the Telephone Consumer Protection Act (TCPA); (2) the Illinois Automatic Telephone Dialers Act (ATDA); and (3) the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA). [47].

Matrix Financial and Matrix Warranty (collectively the Matrix Defendants) move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). [54].

Defendant Nation Motor moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). [57].

As set forth below, this Court grants the Matrix Defendants' motion to dismiss under Rule 12(b)(2), [54], and Nation Motor's motion to dismiss under Rule 12(b)(2), [57].

## I. The Complaint's Allegations

On June 3, 2019, Plaintiff received an unsolicited phone call on her cell phone. [47] ¶ 35. When she answered, she heard a prerecorded voice message advertising extended automobile warranties (Service Plans) and informing her to "press one" for more information. *Id.* ¶ 37. Plaintiff did just that and the caller connected her to an agent who reiterated that "he was selling vehicle service contracts for extended auto warranties." *Id.* ¶¶ 38, 40. After speaking with the agent, she decided to purchase a Service Plan. *Id.* ¶ 42. Based upon subsequent emails regarding her Service Plan, Plaintiff realized that National Auto had been the company that called and sold her the Service Plan. *Id.* ¶ 43. But when her Service Plan contract and brochure arrived, Plaintiff realized that although National Auto sold her the Plan, a company named "Matrix" administered the Plan, which she believes refers to the Matrix Defendants. *Id.* ¶¶ 44–45. Plaintiff also noticed that the Service Plan directed her to contact Matrix Warranty Solutions to obtain service but then listed Nation Motor as the administrator for all 24-hour roadside assistance. *Id.* ¶ 46. Finally, Plaintiff alleges the contract noted that Matrix Financial served as the Plan's financial administrator. *Id.*

2

## II.     Legal Standards

### A.     Rule 12(b)(2) Standard

A motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant.  When deciding a Rule 12(b)(2) motion without an evidentiary hearing, as here, Plaintiffs must make a prima facie showing of personal jurisdiction. *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010).

Plaintiffs bear the burden of establishing that personal jurisdiction exists. *Advanced Tactical Ordinance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014).  To determine whether a plaintiff meets this burden, this Court may consider written submissions from both parties.  *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).  When a defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003).  Courts must also resolve all factual disputes in a plaintiff's favor. *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014).  But if the plaintiff "fails to refute a contained in the defendants' affidavit, that fact is accepted as true."  *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, No. 18-CV-08261, 2020 WL 1530749, at *2 (N.D. Ill. Mar. 31, 2020).

### B.      Rule 12(b)(6) Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

In evaluating a complaint under Rule 12(b)(6), this Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Iqbal,* 556 U.S. at 678. This Court, however, need not accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

### III.   Analysis

The Matrix Defendants seek to dismiss all of Plaintiff's claims under Rule 12(b)(2). [54]. They argue that Plaintiff fails to show either general or specific personal jurisdiction, [55] at 2, and they submit a sworn declaration in support of their jurisdictional arguments, [55] (Ex. 2). Similarly, Nation Motor also seeks

dismissal for lack of personal jurisdiction, [57] at 1, and submits a supporting declaration on this issue, [57-1].

## A.  General Personal Jurisdiction

This Court may exercise personal jurisdiction over a defendant if "either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston*, 623 F.3d 440, 443 (7th Cir. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104–05 (1987)).  Since the TCPA does not authorize nationwide service of process, *see Mackey v. IDT Energy, Inc.*, No. 18 C 6756, 2020 WL 108431, at *2 (N.D. Ill. Jan. 9, 2020), Illinois law determines the limits of personal jurisdiction, *Tamburo v. Dworkin,* 601 F.3d 693, 700 (7th Cir. 2010) (citations omitted).

The Illinois long-arm statute permits the exercise of jurisdiction to the extent permitted by the Fourteenth Amendment's Due Process Clause.  *Id.* (citing 735 ILL. COMP. STAT. 5/2–209(c)).  As a result, "the state statutory and federal constitutional inquiries merge."  *Id.*  Under the Fourteenth Amendment's Due Process Clause, general jurisdiction exists when defendants' affiliations with the forum state "are so constant and pervasive 'as to render them essentially at home in the forum State.'"  *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  Thus, plaintiffs must show that a defendant maintained "continuous and systematic" general contacts with the forum such that it would be fair to require it to answer any litigation in that forum arising

out of any transaction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984)).

As applied to corporations, this Court may only exercise general personal jurisdiction in the state of the corporation's principal place of business and the state of its incorporation. *Sportsman v. Cal. Overland, Ltd.*, 262 F. Supp. 3d 587, 590 (N.D. Ill. 2017). Here Matrix Warranty is a Nevada corporation with its principal place of business in Texas. [55] (Ex. 2) ¶ 2. Matrix Financial is a Delaware company that maintains its principal place of business in Texas. *Id.* ¶ 3. And Nation Motor is a Delaware company with its principal place of business in Florida. [57-1] ¶ 2. Plaintiff does not contest these facts and ostensibly concedes that the relevant inquiry hinges upon whether this Court may exercise specific (rather than general) personal jurisdiction. *See* [68] at 3; [47] ¶ 15. Based upon the record, this Court finds it does not possess general personal jurisdiction over the Matrix Defendants or Nation Motor.

### B.    Specific Personal Jurisdiction

Next, this Court may exercise specific personal jurisdiction when defendants purposefully direct their activities "at residents of the forum" and "the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) (citations omitted); *see also Tamburo*, 601 F.3d at 702 (cases arising out of tortious conduct are subject to the purposeful direction test). Here then, any specific personal jurisdiction over the Matrix

Defendants and Nation Motor must arise from the relevant phone call. [47] ¶ 14–15. The Matrix Defendants and Nation Motor submit sworn declarations, however, attesting that they did not call Plaintiff or otherwise direct their actions at Illinois as related to this suit. [57-1] ¶¶ 3–6; [55] (Ex. 2) ¶¶ 6–10.

Plaintiff counters that this Court may nevertheless exercise specific personal jurisdiction over the Matrix Defendants and Nation Motor because National Auto acted as their agent when it called Plaintiff. [68] at 5. Because principals may be subject to specific personal jurisdiction based upon the actions of its agent, *see Martensen v. Koch*, 942 F. Supp. 2d 983, 993 (N.D. Cal. 2013) ("For purposes of personal jurisdiction, the actions of an agent are attributable to the principal."), Plaintiff contends that this Court may exercise jurisdiction over the Matrix Defendants and Nation Motor by virtue of their agency relationship with National Auto, [68] at 5. Accordingly, this Court will now consider whether Plaintiff plausibly alleges an agencies relationship in order to confer specific personal jurisdiction.[1]

Parties create an agency relationship when a "person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01 (2006). An agent's authority can be either actual or apparent. *Moriarty v. Glueckert Funeral Home, Ltd.*, 155 F.3d 859, 865–66 (7th Cir. 1998)). Additionally, courts have established that "to be held

---

[1] Because of the nature of Plaintiff's theory of personal jurisdiction based upon vicarious liability, this Court's analysis of the jurisdictional questions raised by the record will necessarily touch upon the content (and plausibility) of Plaintiff's claim that an agency relationship exists.

vicariously liable under the TCPA, an agent must have express or apparent authority." *Warciak v. Subway Rests., Inc.*, 949 F.3d 354, 357 (7th Cir. 2020).

A plaintiff may establish actual authority when "at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent to so act." Restatement (Third) of Agency § 2.01 (2006); *see also Sphere Drake Ins. Ltd. v. Am. General Life Ins. Co.,* 376 F.3d 664, 672 (7th Cir. 2004) (explaining that actual authority exists when "the principal explicitly grants the agent the authority to perform a particular act") (quoting *Amcore Bank, N.A. v. Hahnaman-Albrecht, Inc.*, 759 N.E.2d 174, 181 (Ill. 2001)).

Apparent authority, on the other hand, may vest when "a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03 (2006); *see also Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1065 (7th Cir. 2000) (quoting *Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp.*, 577 N.E.2d 1344, 1350 (Ill. 1991)) ("Apparent authority arises when a principal creates, by its words or its conduct, the reasonable impression in a third party that the agent has the authority to perform a certain act on its behalf.").

### 1. Actual Authority

Plaintiff first argues that an agency relationship exists by pointing to the contract between the Matrix Defendants and National Auto. [68] at 6. This agreement, she claims, demonstrates actual authority by showing that the Matrix

8

Defendants and Nation Motor directed National Auto by "amassing and compiling the contact list, provided [National Auto] with the forms, the terms, and content of the Service Plans, prohibited [National Auto] from modifying the terms or the forms on which the Service Plans are sold, directed the volume and timing of [National Auto's] direct marketing activities, and approved . . . [National Auto's] sales of their Service Plans." [68] at 7.

Yet of the two Matrix Defendants and Nation Motor, only Matrix Warranty constitutes a party to the agreement. *See* [68-1]. Thus, Plaintiff cannot plausibly claim that Nation Motor or Matrix Financial Services maintains an agency relationship with National Auto based upon actual authority vested in an agreement to which they are not parties. *See Kinslow v. Pullara*, 538 F.3d 687, 692–93 (7th Cir. 2008) (noting that a plaintiff must examine "each separate person's contacts with [the forum state]" to establish personal jurisdiction). Accordingly, this Court holds that Plaintiff fails to plausibly demonstrate that Matrix Financial and Nation Motor maintain an agency relationship with National Auto based upon actual authority.

Turning to Matrix Warranty, the Matrix Defendants argue that the contract between the Matrix Defendants and National Auto insufficiently establishes that the Matrix Defendants possess significant control and authority over National Auto, citing to the Seventh Circuit's recent decision in *Warciak v. Subway Restaurants, Incorporated.* [70] at 3. In *Warciak*, a T-Mobile customer received a marketing communication as part of the carrier's partnerships with other retailers, informing him he could receive a free sandwich from Subway "just for being w/ T-Mobile." 949

F.3d at 356.  The customer filed suit against Subway, alleging that the text message violated the TCPA and ICFA.  *Id.*  The Seventh Circuit affirmed the case's dismissal, agreeing with the district court that the complaint failed to plausibly allege enough facts to allow for a theory of vicarious liability.  *Id.* at 357.  The Seventh Circuit stated: "The only conduct by Subway alleged in the complaint is engaging in a contractual relationship with T-Mobile . . . while an agency relationship can be created by contract, not all contractual relationships form an agency."  *Id.*

This Court finds *Warciak* controlling here.  Although the contractual agreement grants Matrix Warranty some control over National Auto, it does not provide sufficient control to confer agency under an actual authority theory.  For example, while the agreement prohibits National Auto from modifying terms of the Service Plans, [68-1] § 1 ("Producer shall not have authority to alter, modify, waive, or discharge any terms of the Program without the Company's prior written consent."), these restrictions come as no surprise given that National Auto sells a product offered by Matrix Warranty (i.e., an extended warranty), which may require Matrix Warranty to perform certain future services.  The mere fact that Matrix Warranty prohibits National Auto from changing its product does not make National Auto its agent.  Nor does there exist any other contractual provisions that grant control to Matrix Warranty regarding how National Auto sells the Service Plans, except requiring that National Auto "comply with all state and federal laws and regulations applicable to the activities authorized by this Agreement," *id.* § 6(b), this

provision cutting against Plaintiff's claim that Matrix Warranty directed National Auto to make calls in violation of the TCPA.

Furthermore, despite Plaintiff's generalized allegation that contracts exist between the Matrix Defendants, Nation Motor, and National Auto that gave them "significant control and authority over how National Auto markets and sells the Service Plans," [47] ¶ 22, and notwithstanding discovery on this matter, Plaintiff fails to submit such contracts in opposition to the instant motion. And again, the only agreement she does submit (the agreement between Matrix Warranty and National Auto), merely requires that National Auto comply with all state and federal law when selling the Service Plans.

Further undermining Plaintiff's agency theory, the Matrix Defendants submitted President of Matrix Warranty and Matrix Financial, Jay Tuerk's declaration. [55] (Ex. 2). Tuerk states that Matrix Warranty has authorized various companies to sell its Service Plans, and that these independent retailers "choose which warranty products to sell" and the Matrix Defendants do not "control, direct, oversee, or manage" National Auto or these other retailers in making phone calls to consumers. *Id*. ¶¶ 9–10. Tuerk's declaration further undermines Plaintiff's theory that the contract created an actual agency relationship. Plaintiff fails to provide any contradictory evidence despite having access to discovery on this issue.

Finally, Plaintiff's citations to case law fail to cure the defects in the second amended complaint. In *Karon v. CNU Online Holdings, LLC*, for example, the court held that unlike here, the plaintiff alleged sufficient facts to establish vicarious

11

liability because the defendant told its contracted telemarketer "where to call, how often to call, and where to direct customers during the call." No. 18 C 7360, 2019 WL 3202822, at *3 (N.D. Ill. July 16, 2019). The plaintiff also alleged that the defendant restricted the geographic areas that the telemarketer could make calls, restricted the contract and call volume, instructed the telemarketer to forward calls to a third-party agency, maintained ultimate discretion to determine whether and when to accept customers, and permitted the telemarketer to bind the defendant in contract. *Id.* In this case, Plaintiff does not allege that Matrix Warranty exerted that level of control over National Auto's phone calls or provided any direction as to how the marketing calls proceeded.

Similarly, Plaintiff misplaces her reliance upon *Bakov v. Counsel World Travel, Inc.* There, the court found that the actual authority existed because the defendant "had the right to provide interim instructions to [the contracted telemarketer] in the form of a script modification, to give . . . weekly performance reports, to control aspects of the phone call through providing a script, and to terminate the relationship and revoke [the contracted telemarketer's] authority under the [a]greement." No. 15 C 2980, 2019 WL 6699188, at *6 (N.D. Ill. Dec. 9, 2019). Yet here Plaintiff falls short of alleging a similar level of control. Thus, this Court finds that Plaintiff fails to sufficiently demonstrate an agency relationship based upon actual authority.

### 2. Apparent Authority

Apparent authority "exists when a third-party reasonably relies on the principal's manifestation of authority to an agent." *Warciak*, 949 F.3d at 357 (citing

12

*Am. Soc'y of Mech. Eng'rs v. Hydrolevel Corp.*, 456 U.S. 556, 565–74 (1982)). Plaintiff claims that the Matrix Defendants and Nation Motor manifested apparent authority through her Service Plan contract and brochure which "included their names and made them parties to the Service Plan." [68] at 8 (citing [47] ¶¶ 45, 46).

This Court remains unpersuaded that Plaintiff plausibly alleges that merely receiving a Service Plan from Matrix Warranty would cause a reasonable third-party to believe that the seller must have been their agent. First, Plaintiff does not identify any statements made by the Matrix Defendants or Nation Motor in her Service Plan materials—or at any other time—representing that they made National Auto their agent. This failure defeats her theory based upon apparent authority. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 777 (N.D. Ill. 2014) (explaining that "apparent authority requires a manifestation from the *principal*") (emphasis original). Second, reasonable third parties frequently encounter scenarios where one party sells or markets the goods or services of another company without being an agent of that company. For example, when a television station runs an advertisement for Cheerios, reasonable consumers do not automatically understand the television station to be acting as Cheerios' agent. Despite multiple amendments to the complaint and the availability of discovery on the relevant issues, Plaintiff fails to plausibly allege vicarious liability to create personal jurisdiction through a theory of apparent authority.

### 3. Authority through Ratification

Finally, Plaintiff argues that Nation Motor and the Matrix Defendants created an agency relationship with National Auto by ratifying its actions. [68] at 8–9 ("Here, Defendants ratified NAPC's conduct when they entered into agreements and accepted benefits deriving from payments by Plaintiff and others."); *FTC v. Credit Bureau Ctr., LLC*, 235 F. Supp. 3d 1054, 1061 (N.D. Ill. 2017) ("A party may show ratification through circumstantial evidence, including long-term acquiescence, *after notice*, to the benefits of an allegedly unauthorized transaction.") (emphasis added) (internal quotation marks omitted). In other words, Plaintiff alleges the Matrix Defendants and Nation Motor knew of National Auto's unlawful calls and ratified its conduct by accepting the business it generated. [68] at 9. But the Matrix Defendants and Nation Motor both submitted sworn declarations stating that they did not know of National Auto's calling practices. *See* [55] (Ex. 2) ¶¶ 9–10; [57-1] ¶¶ 5–6. Citing only a few isolated Better Business Bureau complaints, [68] at 9, Plaintiff fails to rebut the Matrix Defendants' and Nation Motor's sworn statements that they did not know and, therefore, did not ratify the conduct. Given that Plaintiff had the advantage of discovery on this matter, this Court holds that Plaintiff failed to present sufficient ratification evidence to create a plausible agency relationship for personal jurisdiction purposes.

Because Plaintiff fails to sufficiently allege a plausible agency relationship to support vicarious liability, this Court finds that she does not, in turn, make out a prima facie case of personal jurisdiction against the Matrix Defendants or Nation

Motor. And because this Court does not have personal jurisdiction over Nation Motor, it declines to consider Nation Motor's Rule 12(b)(6) argument.

## IV. Conclusion

For the reasons explained above, this Court grants the Matrix Defendants' motion to dismiss for lack of personal jurisdiction, [54], and grants Nation Motor's motion to dismiss for lack of personal jurisdiction, [57]. This Court directs Plaintiff and Defendant National Auto to submit a joint case management report on or before July 10, 2020, proposing case management deadlines for the duration of the case.

Dated: June 9, 2020

Entered:

John Robert Blakey
United States District Judge

15